## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In re:   Pete McCullough III | ) | |
| | ) | Case No.:  19-80950-CRJ-7 |
| SSN: xxx-xx-3714 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |
| | ) | |
| Sheila Hale, as Mother and | ) | |
| Personal Representative of | ) | |
| Shawn Bone, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Pete McCullough III, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT TO DETERMINE DISCHARGIBILITY OF DEBT

COMES NOW, the Plaintiff, Sheila Hale, the mother and personal representative of Shawn Bone, deceased (the "**Decedent Estate**"), a creditor in the above-listed bankruptcy case, and pursuant to Rule 7003, and shows unto the Court as follows:

### JURISDICTION AND VENUE

1       On March 27, 2019, Pete McCullough III (the "**Debtor**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division, case number 19-80950-CRJ-7 (the "**Bankruptcy Case**").

2.       Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. § 1334 in that this action arises and relates to the Bankruptcy Case.

3.       Venue of this proceeding is based on 28 U.S.C. § 1409 in that it is being commenced in the district where the related Bankruptcy Case is pending.

4.      The Decedent Estate brings this adversary proceeding seeking a determination by this Court that its claims against the Debtor is non-dischargeable under applicable sections of the Bankruptcy Code.

## RELEVANT FACTS

5.      On July 9, 2018, Shawn Bone died from a fatal gunshot wound suffered while at work at a Taco Bell location in Huntsville, Alabama.

6.      Later that month, a Madison County, Alabama grand jury indicted the Debtor on one count of murder for the slaying of Mr. Bone.

7.      The Decedent Estate filed a lawsuit in the Circuit Court for Madison County, Alabama against the Debtor on July 26, 2018 for Mr. Bone's wrongful death (the "**State Court Lawsuit**").

8.      Eight months after the Decedent Estate filed suit, the Debtor filed a Chapter 7 bankruptcy petition with this Court.

9.      The Debtor's schedules made no reference to the State Court Lawsuit, the late Mr. Bone, the Decedent Estate, or the Decedent Estate's legal counsel in the State Court Lawsuit.

10.      The Decedent Estate's legal counsel did not receive notice of the Bankruptcy Case until after the expiration of its opportunity to object to the Debtor's Chapter 7 discharge.

## COUNT ONE
## Determination of Non-dischargeable Debt

11.      11 U.S.C. § 523(a)(6) provides that the Debtor may not discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

12.      The Debtor willfully and maliciously injured Mr. Bone and the Decedent Estate.

13.      Pursuant to 11 U.S.C. § 523(a)(3)(B), the Debtor's discharge under Section 727 of the Bankruptcy Code does not discharge his willful and malicious injury to Mr. Bone and the Decedent Estate because the Debtor failed to properly schedule the debt owed to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, the Decedent Estate prays that this Court will enter Orders: declaring that the Decedent Estate's claim against the Debtor is not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6); and granting such further relief as the Court deems just and proper.

Respectfully submitted this the 22nd day of September, 2020.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Plaintiff*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com