# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: Pete McCullough III | Case No.: 19-80950-CRJ-7 |
| SSN: xxx-xx-3714 | |
| Debtor. | CHAPTER 7 |
| | |
| Sheila Hale, as Mother and Personal Representative of Shawn Bone, deceased, | |
| Plaintiff, | Adversary Proceeding No.: 20-80128-CRJ |
| v. | |
| Pete McCullough III, | |
| Defendant. | |

**MOTION FOR ABSTENTION AND STAY OF THIS PROCEEDING
TO ALLOW MOVANT TO LIQUIDATE ITS CLAIMS
AGAINST THE DEBTOR IN STATE COURT AND RETURN
TO THIS COURT TO SEEK JUDGMENT UNDER
SECTION 523 BASED ON FINDINGS AND/OR JURY
<u>VERDICT(S) OF TRIERS OF FACT IN THE STATE COURT ACTION</u>**

COMES NOW, the Plaintiff, Sheila Hale, the mother and personal representative of Shawn Bone, deceased (the "**Decedent Estate**"), a creditor in the above-listed bankruptcy case, and shows unto the Court as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTS

3. On July 26, 2018, the Decedent Estate filed a lawsuit in the Circuit Court for Madison County, Alabama against Pete McCullough III ("the **Debtor**") for Mr. Bone's wrongful death (the "**State Court Lawsuit**").

4. The Debtor's voluntary petition for relief filed under Title 11 of the United States Code stayed the State Court Lawsuit from proceeding.

5. On September 22, 2020, the Decedent Estate filed an adversary proceeding against the Debtor to determine the dischargeablity of the debt owed for Mr. Bone's wrongful death.

## RELIEF REQUESTED

6. The Decedent Estate requests that this Court abstain and stay this pending dischargeability adversary proceeding to allow the state court to render a verdict on the Debtor's liability to the Decedent Estate and liquidate its claims.

7. The relevant state for abstention, 28 U.S.C. § 1334(c), allows this Court to abstent from this proceeding on a mandatory or permissive basis.

8. The Decedent Estate avers that mandatory abstention under 28 U.S.C. § 1334(c)(2) applies or, alternatively, moves this Court to exercise its discretion and abstain under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1).

9. The underlying claims in the State Court Lawsuit are entirely based on state law and exist outside a bankruptcy proceeding because they were brought prior to the filing of the petition. *See, e.g., Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.") (citation omitted).

10. Allowing the State Court Lawsuit to proceed to judgment would neither interfere with this Chapter 7 case nor prejudice other creditors.

11. The Debtor has received a discharge and the Chapter 7 Trustee has filed a no asset final report.

12. There is ample precedent in the Alabama Bankruptcy Courts for the relief requested in this motion. *See. e.g., In re Perfect Home L.L.C.* 231 B.R. 358, 361 (Bkrtcy. N.D.Ala., 1999); *Cassidy v. Wyeth-Ayerst Laboratories,* 42 F.Supp.2d 1260, 1263 (M.D. Ala. 1999); *In re Robino,* 243 B.R. 472, 492 (Bankr. N.D. Ala. 1999); *Hatcher v. Lloyd's of London*, 204 B.R. 227, 234 (M.D. Ala. 1997); In re Norrell,

198 B.R. 987, 994 (N.D. Ala. 1996); *In re Wedlo, Inc.*, 204 B.R. 1006, 1018-1019 (Bankr. N.D. Ala. 1996); *In re Roddam*, 193 B.R. 971, 977-78 (Bankr. N.D. Ala. 1996).

13. Further, this Court granted a substantially similar request in a prior proceeding styled *Crumpton v. Hafner*, 17-80105-CRJ [Doc. 13].

14. The relief sought is in the best interests of the Debtors' estate and other parties-in-interest because the Decedent Estate's tort claims will be addressed in the most efficient forum for determining liability in a wrongful death action: the state court with jurisdiction over the State Court Lawsuit and other non-debtor parties.

15. After the resolution of the State Court Lawsuit, the Decedent Estate will return to this Court using the state court's findings of facts and conclusions of law to aid this Court in its determination of the dischargeablity of the debt in connection with Mr. Bone's wrongful death.

WHEREFORE, premises considered, the Decedent Estate prays that this Court will enter an Order:

1. Abstaining and staying this pending dischargeability proceeding based on mandatory abstention under 28 U.S.C. § 1334(c)(2) or, in the alternative,

2. Abstaining and staying this pending dischargeability proceeding based on the permissive abstention provisions of 28 U.S.C. § 1334(c)(1);

3. Allowing the Decedent Estate, after liquidation of the State Court Lawsuit claims, to return to this Court for a determination of the dischargeablity of the debt owed in connection with Mr. Bone's wrongful death; and

4. Granting such further relief as this Court deems just and proper.

Respectfully submitted this the 22nd day of September, 2020.

/s/ *Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Plaintiff*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 22nd day of September, 2020 served the foregoing document upon all addressees on the Chapter 7 Trustee, Pete McCullough III, Debtor, Jeffrey Irby, Attorney for Debtor, Richard Blythe, Office of the Bankruptcy Administrator, all parties requesting notice, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV